1

2

3

4                           UNITED STATES DISTRICT COURT

5                                DISTRICT OF NEVADA

6                                      * * *

7    JOHN M. WINSTON,                          Case No. 2:22-CV-288 JCM (EJY)

8                         Plaintiff(s),                    ORDER

9          v.

10   STATE FARM MUTUAL AUTOMOBILE
     INSURANCE COMPANY,
11

12                        Defendant(s).

13

14         Presently before the court are defendant State Farm's motions for summary judgment and

15   partial summary judgment.  (ECF Nos. 34, 35).  Plaintiff John Winston responded (ECF Nos. 36,

16   37), to which State Farm replied.  (ECF Nos. 38, 39).  Without considering the merits of the

17   either motion, the court denies both motions for failure to comply with LR 7-3(a).

18   **I.      Background**

19         This action arises out of an automobile accident and plaintiff's attempt to recover from

20   insurer State Farm Automobile Insurance Company.  (ECF No. 1-A).  John Winston was

21   involved in a motor vehicle accident in August 2019.  (*Id.*).  The at-fault driver was arrested for

22   driving under the influence.  (*Id.*).

23         Winston allegedly suffered injuries to his back and spine from the accident.  (*Id.*).  The

24   at-fault driver's insurance paid the driver's policy limits to Winston.  (*Id.*).  Winston then sought

25   to recover the difference from State Farm under Winston's Underinsured Motorist (UIM)

26   coverage.  (*Id.*).

27         The parties dispute Winston's injuries based on competing medical examinations and

28   expert discovery.  (ECF Nos. 34-39).  Winston filed his complaint in state court alleging breach

**James C. Mahan**
**U.S. District Judge**

1  of contract and related bad faith claims.  (ECF No. 1-A).  State Farm removed the action to this

2  court.  (ECF No. 1).  Defendant State Farm now moves, separately, for summary judgment and

3  partial summary judgment.

4  **II.      Legal Standard**

5        It is well established that local rules have the force of law and are binding upon the

6  parties and upon the court.  *Pro. Programs Grp. v. Dep't of Com.*, 29 F.3d 1349, 1353 (9th Cir.

7  1994) (citations omitted).  The district court has "considerable latitude in managing the parties'

8  motion practice and enforcing local rules that place parameters on briefing."  *Christian v. Mattel,*

9  *Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002).

10  **III.     Discussion**

11        Because defendant's filings fail to comply with the local rules, the court denies, without

12  prejudice, both motions for summary judgment and partial summary judgment.  The court makes

13  no findings on the merits of either motion.

14        Local Rule 7-3(a) provides that "[m]otions for summary judgment and responses to

15  motions for summary judgment are limited to 30 pages, excluding exhibits… Parties must not

16  circumvent this rule by filing multiple motions."

17        State Farm filed two motions simultaneously—one for summary judgment and one for

18  partial summary judgment.  The motion for summary judgment is 23 pages, and the motion for

19  partial summary judgment is 30 pages.  (ECF Nos. 37, 38).

20        The plaintiff argues that defendant's two motions plainly violate LR 7-3(a).  The court

21  agrees.  State Farm's effectively combined 53-page motion for summary judgment asks the court

22  to perform the same action with different arguments.  In one motion, State Farm argues that one

23  dispositive fact would seemingly alleviate State Farm from liability on all of Winston's claims.

24  In the next motion, State Farm pinpoints arguments to attack specific causes of action and related

25  claims for damages and attorneys' fees.

26        The primary purpose of local court rules is to maintain consistency and fairness in

27  pleadings.  Thus, LR 7-3(a) imposes strict page limits on each filing that are equally applicable

28  to each party.  State Farm cannot circumvent this rule by filing two motions containing related

**James C. Mahan**
**U.S. District Judge**

1  but different arguments.  State Farm's efforts to provide layered arguments must be balanced

2  with the court's interest in judicial efficiency and fairness to parties.

3       The court therefore has sufficient justification to deny both motions as the two motions

4  apparently request the same court action in violation of LR 7-3(a).  If State Farm wishes to move

5  for summary judgment again and believes it is necessary to file a motion longer than 30 pages, it

6  may file for leave to exceed the page limits pursuant to LR 7-3(c).  This court will only grant

7  such a request upon a showing of good cause.

8  **IV.    Conclusion**

9       Accordingly,

10      IT IS HEREBY ORDERED that defendant's motions for summary judgment and partial

11  summary judgment (ECF Nos. 34, 35), are DENIED, without prejudice.  Defendant may refile

12  its motion conforming with the local rules.

13      DATED September 9, 2024.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 3 -