UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOHN M. WINSTON,<br><br>                            Plaintiff(s),<br><br>    v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>                            Defendant(s). | Case No. 2:22-CV-288 JCM (EJY)<br><br>ORDER |

        Presently before the court is defendant State Farm Mutual Auto Insurance Company's ("State Farm") motion for summary judgment. (ECF No. 41). Plaintiff John Winston filed a response (ECF No. 42), to which defendant replied (ECF No. 43). For the reasons explained below, the court finds that Winston failed to comply with a condition precedent to bringing the instant legal action. The court therefore GRANTS the motion, in part, and dismisses the action without prejudice.

**I.    Background**

        On August 5, 2019, Winston was involved in a three-car, rear-end motor vehicle incident caused by a drunk driver. (ECF No. 1). Winston reported his claim to State Farm and resolved the property damage to his vehicle. (*Id.*). Winston also hired an attorney and began pursuing a bodily injury claim under his policy's underinsured motorist ("UIM") coverage, which is the subject of this litigation. (*Id.*).

        The parties attempted to resolve the bodily injury claim through intermittent communication between the end of 2019 and the beginning of 2022. (ECF No. 41, Ex. E). In November 2019, Winston's former attorney, Mr. Shimer, advised State Farm that Winston was

James C. Mahan
U.S. District Judge

receiving treatment for injuries caused by the accident. (*Id*. at SFMAIC0140). Mr. Shimer shared a similar update with State Farm in February 2020. (*Id*. at SFMAIC0138).

State Farm alleges it sent Winston a "UIM packet" in May 2020 containing an injury questionnaire and medical authorization forms. (ECF No. 41, Ex. F ¶ 7). State Farm followed up with Mr. Shimer in June, August, and October of 2020. (*Id*., Ex. E at SFMAIC0136-7). Mr. Shimer contacted State Farm in November 2020 with plaintiff's medical records and a demand letter for policy limits, claiming $63,052,12 in medical treatment. (*Id*., Ex. G). At that time, Winston represented that he had residual back pain and would continue chiropractic care. (*Id*.).

In December 2020, State Farm sent Winston an offer for $21,020 to settle his medical damages. (*Id*., Ex. E at SFMAIC0132). Winston retained Edward Achrem, who informed State Farm in April 2021 that Winston may have surgery and thereafter sent a renewed demand in August 2021 for policy limits and future medical specials of $28,800. (*Id*., at SFMAIC0124). State Farm elected to pursue its own medical examination to determine the extent of Winston's injuries. (*Id*.). State Farm retained Jonathon Hansen as counsel to facilitate the exam. (*Id*., Ex. M).

In a series of letters, Mr. Achrem and Mr. Hansen attempted to reach an agreement about the independent medical exam. (ECF No. 41, Exs. M, N, O, Q). State Farm issued a reservation of rights letter on December 21, 2021, citing Winston's "questionable" compliance. (*Id*., Ex. P). Mr. Achrem sent a final letter on January 3, 2022, advising State Farm that Winston would submit to the exam "under extreme protest," and would pursue litigation in the meantime. (*Id*., Ex. Q).

Winston filed this action in February 2022, alleging breach of contract, breach of the covenant of good faith and fair dealing, violation of Nevada's Unfair Trade Practices Act, and insurance bad faith. State Farm now moves for summary judgment.

**II.    Legal Standard**

Federal courts sitting in diversity apply the relevant state substantive law and federal procedural law unless state law conflicts with a valid federal statute or procedural rule. *E.g.*, *Feldman v. Allstate Ins. Co.*, 322 F.3d 660, 666 (9th Cir. 2003) (quoting *Erie R.R. v. Tompkins*,

**James C. Mahan**
**U.S. District Judge**

- 2 -

304 U.S. 64, 78 (1938)); *MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1282 (9th Cir. 1999). The standards governing summary judgment are procedural, not substantive. *See Cortez v. Skol*, 776 F.3d 1046, 1054 n.8 (9th Cir. 2015) (citing *Knievel v. ESPN*, 393 F.3d 1068, 1073 (9th Cir. 2005)).

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits (if any), show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Information may be considered at the summary judgment stage if it would be admissible at trial. *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003) (citing *Block v. Los Angeles*, 253 F.3d 410, 418–19 (9th Cir. 2001)). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In judging evidence at the summary judgment stage, the court does not make credibility determinations or weigh conflicting evidence. Rather, it draws all inferences in the light most favorable to the nonmoving party. *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630–31 (9th Cir.1987).

When the non-moving party bears the burden of proof at trial, the moving party can meet its burden on summary judgment in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the non-moving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied, and the court need not consider the non-moving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient

1  that "the claimed factual dispute be shown to require a jury or judge to resolve the parties'
2  differing versions of the truth at trial." *T.W. Elec. Serv., Inc.*, 809 F.2d at 630.

3  However, the nonmoving party cannot avoid summary judgment by relying solely on
4  conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040,
5  1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of
6  the pleadings and set forth specific facts by producing competent evidence that shows a genuine
7  issue for trial. *See Celotex*, 477 U.S. at 324. If the nonmoving party's evidence is merely
8  colorable or is not significantly probative, summary judgment may be granted. *Anderson v.*
9  *Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986).

10  **III.   Discussion**

11  State Farm first argues summary judgment is appropriate because Winston did not
12  comply with a condition precedent to his insurance policy and is therefore precluded from
13  coverage and bringing legal action pursuant to the policy. In the alternative, State Farm argues
14  partial summary judgment is appropriate as a matter of law on several individual claims.

15  The court considers State Farm's preclusion argument first and finds that Winston failed
16  to comply with the legal-action clause of his policy, barring him from filing suit. As explained
17  below, the court elects to dismiss the action in its entirety on this basis and thus declines to
18  consider State Farm's remaining arguments.

19  A.   State Farm's Legal-Action Clause

20  Under Nevada law, an insurance policy is a contract that must be enforced according to
21  its terms, and an insured's failure to comply with a condition may preclude coverage. *Valentine*
22  *v. State Farm Mut. Auto Ins. Co*., 105 F.Supp.3d 1176, 1181 (D. Nev. 2015). When an insurance
23  policy unambiguously makes compliance with a term a condition precedent to coverage, the
24  insured has the burden of showing that he complied with that term. *Thompson v. Allstate*
25  *Insurance Company*, 431 F.Supp.3d 1163 (Nev. 2019).

26  State Farm argues Winston must submit to an Independent Medical Examination ("IME")
27  as a condition precedent to coverage and has failed to do so. State Farm also contends Winston

28

**James C. Mahan**
**U.S. District Judge**

- 4 -

initiated this lawsuit in violation of the policy's legal-action clause. The disputed provisions in the policy are as follows:

> "A person making a claim under (a) Medical Payments Coverage… must… (2) be examined as reasonably often as [State Farm] may require by physicians chosen and paid by [State Farm]." ECF No. 41, Ex. A State Farm Policy at SFMAIC0030.
>
> "Legal action may not be brought against… [State Farm] until there has been full compliance with all the provisions of this policy." *Id*. at SFMAIC0033.

Courts in this district enforce medical exam requirements and legal-action clauses as unambiguous conditions precedent to coverage. *Schwartz v. State Farm Mut. Auto Ins. Co*., 2:07-cv-00060-KJD-LRL, 2009 WL 2197370 (D. Nev. July 23, 2009); *Goldman v. Vigilant Insurance Company*, 632 F.Supp.3d 1188, 1195 (D. Nev. 2022) (finding an examination-under-oath provision and legal-action clause unambiguous). Therefore, Winston carries the burden of showing he complied with the policy terms.

Winston argues he agreed to participate in an IME pursuant to the January 3, 2022, letter in which his attorney wrote that if State Farm is going to deny coverage, Winston "will submit to the medical examination under extreme protest." ECF No. 41, Q at 6. The letter then states that Winston's attorney will still pursue litigation to afford his client the protections of the Nevada Rules of Civil Procedure for medical examinations. *Id*. This lawsuit was filed approximately one month later.

The legal action clause in State Farm's policy is a condition precedent—not to coverage, but to filing a lawsuit. There is no genuine dispute that Winston did not submit to an IME prior to filing the lawsuit. Indeed, Winston indicated his intent to comply with the IME request in the January letter, but he nevertheless initiated legal action to forcibly "require the filing of a formal motion if State Farm intends to pursue a medical examination." *Id*. This practice is directly violative of State Farm's policy requiring full compliance with all terms before a lawsuit can be filed. *See* ECF No. 41, Ex. A at SFMAIC0033.

Courts in this district routinely dispose of coverage-related actions based on similar legal-action clauses. *See, e.g., Holland v. State Farm Mut. Auto. Ins. Co*., 2014 WL 1268712, at *5 (D. Nev. Mar. 27, 2014) (holding that "[t]he fact that [the insured] initiated this lawsuit against

**James C. Mahan**
**U.S. District Judge**

- 5 -

1   State Farm before complying with the cooperation provisions bars this lawsuit"); *Cuadros v.*
2   *State Farm Fire & Cas. Co.*, 2014 WL 7338945, at *4 (D. Nev. Dec. 23, 2014) (dismissing
3   action because insured failed to comply with appraisal provision and "the policy's 'legal action
4   against us' provision bars suit until the parties have complied with all terms of the policy");
5   *Goldman*, 632 F.Supp.3d 1188 (dismissing an action on a motion for summary judgment for the
6   insured's failure to comply with legal-action clause).

7   Because the court finds that Winston was barred from bringing this action without first
8   complying with all other conditions of the policy, the appropriate remedy is dismissal of the
9   action rather than summary judgment. *See Gerke v. Travelers Cas. Ins. Co. of Am.*, 815 F. Supp.
10  2d 1190, 1203 (D. Or. 2011) (reasoning that the insured's failure to comply with an examination-
11  under-oath provision did "not bar his ability to bring suit to recover, but merely suspend[ed] his
12  ability to bring suit until he has fully complied with" the condition. The court therefore
13  dismisses the action without prejudice to Winston's ability to later refile.

14  **IV.   Conclusion**

15  Accordingly,

16  IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant State Farm's
17  motion for summary judgment (ECF No. 41) be, and the same hereby is, GRANTED, in part:
18  this action is dismissed without prejudice based on the plaintiff's failure to comply with
19  conditions precedent to his bringing suit.

20  DATED May 2, 2025.

*[signature: James C. Mahan]*
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**