UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JOHN M. WINSTON,

Plaintiff(s),

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

Defendant(s).

Case No. 2:25-CV-902 JCM (EJY)
Case No. 2:22-CV-288 JCM (EJY)

ORDER

Presently before the court is defendant State Farm's motion to dismiss.  (ECF No. 8). Plaintiff John M. Winston filed a response (ECF No. 10), to which defendant replied (ECF No. 11).

**I.      Background**

The instant action is an insurance case arising from a motor vehicle incident in which plaintiff was involved.  The matter first came before the court in case no. 2:22-cv-00288.  The court dismissed the action in its entirety and without prejudice, as plaintiff failed to satisfy a condition precedent in his insurance contract with defendant before filing suit.

Plaintiff then refiled the case, and it was randomly assigned to Judge Du.  The court found good cause to reassign the matter to these chambers, pursuant to Local Rule 42-1(a). (ECF No. 33).

Defendant brings the instant motion pursuant to Rule 12(b)(6), 12(d), and 56, emphasizing that the case should be disposed of entirely and with prejudice.  (ECF No. 8).

**James C. Mahan**
**U.S. District Judge**

## II.    Legal Standard

The court declines to convert the motion to dismiss into a motion for summary judgment pursuant to Rule 12(d).  Accordingly, the applicable legal standard is that of Federal Rule of Civil Procedure 12(b)(6).

The court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Although rule 8 does not require detailed factual allegations, it does require more than labels and conclusions.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Furthermore, a formulaic recitation of the elements of a cause of action will not suffice.  *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (citation omitted).  Rule 8 does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  *Id.* at 678–79.

To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face."  *Id.*  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Id.*  When a complaint pleads facts that are merely consistent with a defendant's liability, and shows only a mere possibility of entitlement, the complaint does not meet the requirements to show plausibility of entitlement to relief. *Id.*

In *Iqbal,* the Supreme Court clarified the two-step approach district courts are to apply when considering a motion to dismiss.  *Id.*  First, the court must accept as true all of the allegations contained in a complaint.  However, this requirement is inapplicable to legal conclusions.  *Id.*

Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  *Id.* at 678. Where the complaint does not permit the court to infer more than the mere

**James C. Mahan**
**U.S. District Judge**

- 2 -

possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id.* at 679.  When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed.  *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  The *Starr* court held as follows:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.  Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

**III.    Discussion**

A.    Effect of the Court's Dismissal without Prejudice.

Plaintiff had not yet attended an independent medical evaluation ("IME") when he filed the original suit and was thus not in compliance with his insurance policy.  This court acknowledged plaintiff's failure to comply with the condition precedent; however, it found that, rather than granting summary judgment, the appropriate remedy was to dismiss the original action without prejudice.  *Winston v. State Farm. Mut. Auto. Ins. Co.*, No. 2:22-cv-288 JCM (EJY), 2025 U.S. Dist. LEXIS 83727, at *8–9 (D. Nev. May 9, 2025).

Defendant returns in this second action to argue again that disposal of this case is warranted because plaintiff had not yet attended an IME when he filed the original suit.  This argument is unavailing by defendant's own logic.

A dismissal without prejudice "leaves the parties as though no action had been brought." *Concha v. London*, 62 F.3d 1493, 1506 (9th Cir. 1995); *Semtek Int'l Inc. v. Lockheed Martin*

**James C. Mahan**
**U.S. District Judge**

- 3 -

*Corp.*, 531 U.S. 497, 505–06 (2001).   Thus, once the first action was dismissed, it is as if plaintiff never violated the condition precedent.

There is no dispute that plaintiff complied with the IME condition prior to the filing of the second lawsuit.  (ECF No. 8 at 20–21) ("ultimately, Mr. Winston was examined during the course of this [first] litigation"); (ECF No. 10 at 3) (noting that plaintiff completed the medical examination on May 16, 2023).

B.    The Court's Prior Decision.

Defendant argues that this court's decision to dismiss the case without prejudice was erroneous.[1]   In the original case, the court found that the appropriate remedy was "dismissal of the action rather than summary judgment."  *Winston*, 2025 U.S. Dist. LEXIS 83727, at *9.  None of defendant's cited cases support the proposition that this court's decision to dismiss the case without prejudice was improper.

Courts in this district have frequently granted summary judgment where the plaintiff unjustifiably refused or failed to cooperate with the defendant's request for an IME.  *See, e.g.*, *Schwartz v. State Farm Mut. Auto Ins. Co.*, 2009 U.S. Dist. LEXIS 64700, at *20 (D. Nev. July 22, 2009) ("Plaintiff's unjustified refusal to submit the reasonable request for an IME, coupled by an immediate filing of a lawsuit, therefore, precludes her from recovery under the policy."); *Valentine v. State Farm Mut. Auto Ins. Co.*, 105 F. Supp. 3d 1176, 1183 (D. Nev. 2015) ("[i]t is absurd to think that an insured who *fails to provide* her insurer with medical information…should then be able to sue the insurer…) (emphasis added); *Keys v. State Farm Mut. Auto Ins. Co.*, 2013 U.S. Dist. Lexis 87465, at *11 (D. Nev. June 21, 2013) (plaintiff's failure to cooperate with defendant's request in evaluating a UIM claim barred her recovery).

---

[1] Although the court is not bound by the doctrine of the law of the case, *Delta Sav. Bank v. United States*, 265 F.3d 1017, 1027 (9th Cir. 2001), for judicial efficiency, it acknowledges the facts found in the order dismissing the prior case.  Additionally, it finds the reasoning applied in the prior order persuasive here.

**James C. Mahan**
**U.S. District Judge**

- 4 -

Unlike in these cases, plaintiff did not flatly refuse or fail to cooperate with defendant. When defendant requested the medical examination—808 days after the collision, without reference to what part of his body was of concern, where the exam would be conducted, or who the conducting physician would be—plaintiff nonetheless proceeded to sign medical authorizations and sent notification that he agreed to the requested examination. (ECF No. 10 at 6–7, 21–22). Defendant never used any of the medical authorizations that plaintiff signed. (*Id.* at 21). Plaintiff alleges that he filed suit thereafter to ensure that the examination would be performed in accordance with NRCP 35. (*Id.* at 21–22).

As a "general rule, policyholders are required to comply with the terms of the insurance policy in order to reap the benefits of the contract." *Barrera v. Western United Ins. Co.*, 2012 U.S. Dist. LEXIS 12457, at *14 n.2 (D. Nev. Feb. 2, 2012). Despite this, the *Barrera* court found that "[g]ranting summary judgment on all [the plaintiff's] claims…would deny [p]laintiff coverage of her insurance claim entirely, a remedy that [the court] find[s] may be too harsh under the facts of [the] case." *Id.* at *14.

The same is true here. Granting summary judgment on a procedural error—which has now been rendered moot due to the refiling of the lawsuit—is too harsh when plaintiff indicated an intent to submit to the medical examination before the first suit and remedied the error before refiling the present suit.

. . .

. . .

. . .

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 5 -

**IV.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion to dismiss (ECF No. 8) be, and the same hereby is, DENIED.

DATED January 16, 2026.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 6 -